IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )
    v.                      )      CRIMINAL ACTION NO.
                            )         2:00cr80-MHT
HUBERT JOHNSON              )            (WO)
```

OPINION AND ORDER

Defendant Hubert Johnson is charged in a revocation petition with violating the terms of his supervised release after he unlawfully used marijuana; failed to participate in drug testing; and failed to follow the instructions of the probation officer.  During hearings on September 12 and 16, 2014, he plead guilty to these violations.  At the hearings, the court heard evidence that Johnson's mental-health condition renders him volatile and unstable and that he is in need of intensive mental-health therapy and supervision.  In light of this evidence, the court will order, pursuant to 18 U.S.C. § 3552(b), a 'presentence study' on Johnson's mental health before determining his sentence.

"Although district courts are no longer bound to follow the Sentencing Guidelines after United States v. Booker, 543 U.S. 220 (2005), they still must consult the Guidelines and take them into account when sentencing defendants." United States v. Todd, 618 F. Supp. 2d 1349, 1352-53 (M.D. Ala. 2009) (Thompson, J.). The court must calculate the applicable range of sentences recommended by the Guidelines. The court may then decide to impose a sentence outside of the Guidelines system, commonly known as a "variance."

The court is bound, however, to impose a sentence that is reasonable. The factors set for in 18 U.S.C. § 3553(a) guide the court's determination of the reasonableness of a sentence. Those factors are (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to punish the offender, protect the public from the defendant, rehabilitate the defendant, deter others, and provide medical care; (4) the kinds of

2

sentences available; (5) the sentencing range established by the Sentencing Guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need for restitution.  18 U.S.C. § 3553(a).  A presentence mental health evaluation will assist the court in fashioning an appropriate sentence.

U.S. Probation officers routinely prepare presentence investigation reports to assist the court during sentencing pursuant to 18 U.S.C. § 3552(a).  However, § 3552(b) also authorizes the court to order a "study of the defendant" if it "desires more information than is otherwise available to it as a basis for determining the sentence to be imposed."  18 U.S.C. § 3552(b).  Here, Johnson's recent mental-health diagnoses, his demonstrated need for psychiatric medication and treatment, and his history of volatile conduct require

this court to gather more information before it can consider an appropriate sentence and, if possible, release for Johnson.

While, ordinarily, a § 3552(b) study "shall be conducted in the local community by qualified consultants," the statute also authorizes the court to order that the study be done by the Bureau of Prisons upon the finding of "a compelling reason."  18 U.S.C. § 3552(b).  In this case, the court finds that the fact that Johnson has been on lockdown in the local jail due to disruptive conduct that has occurred there constitutes a compelling reason to order that the § 3552(b) study be conducted by the Bureau of Prisons instead of in the local community.

Federal law provides for a period of study of not more than 60 days, which the court may extend for an additional period of not more than 60 days. 18 U.S.C. § 3552(b).  The law further provides that, "The study shall inquire into such matters as are specified by the

court and any other matters that the Bureau of Prisons ... believe[s] are pertinent to the factors set forth in section 3553(a)." Id. At the end of the study period, the Bureau shall provide the court with a written report and may make recommendations regarding the sentence. Id.

* * *

Accordingly, pursuant to 18 U.S.C. § 3552(b), it is ORDERED as follows:

(1)   Defendant Hubert Johnson is committed for a period not to exceed 60 days to the custody of the Federal Bureau of Prisons, Federal Medical Center, Butner, North Carolina for a study prior to sentencing pursuant to 18 U.S.C. § 3552(b).

(2)   The examining psychiatrists or psychologists shall evaluate defendant Johnson's psychological condition for the purposes of sentencing and shall include their findings in a report to be presented to this court.  In particular, the report or reports shall address:

(A) Defendant Johnson's psychological condition (particularly, his reported diagnosis of "borderline personality disorder" and history of aggressive conduct) and an explanation of any diagnosis rendered;

(B) Recommendations for a treatment plan that can effectively manage Johnson's mental-health condition in preparation for and during his release, including a proposed regimen for medication and therapy in a community-based environment; and

(C) Any other matters the Bureau of Prisons believes are pertinent to the factors set forth in 18 U.S.C. § 3553(a).

(3) For the duration of said custody, the Bureau of Prisons shall render to defendant Johnson appropriate psychological care.

(4) Because defendant Johnson is in immediate need of appropriate psychological care, the Marshals Service

shall effectuate defendant Johnson's transfer to the custody of the Bureau of Prisons forthwith.

DONE, this the 19th day of September, 2014.

                                 /s/ Myron H. Thompson  
                            **UNITED STATES DISTRICT JUDGE**